# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| EARL M. UNDERWOOD,<br>　　*Plaintiff*,<br><br>　　v.<br><br>JOHN DAY / HABEAS UNIT,<br>　　*Defendants*. | No. 3:18-cv-120 (VAB) |

## INITIAL REVIEW ORDER

Earl M. Underwood ("Plaintiff"), currently incarcerated at the Enfield Correctional Institution, has filed a civil Complaint under 42 U.S.C. § 1983 against John Day/Habeas Unit ("Defendants").[1]

For the following reasons, the Complaint is **DISMISSED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Underwood claims that Defendants violated his Fourteenth Amendment rights by appointing J. Patton Brown, the attorney who had represented him in his state criminal trial, as his attorney in a state habeas petition that he filed in 2016 challenging his criminal conviction.

### A. Factual Allegations

A trial was held in Mr. Underwood's criminal case beginning in November 2010 at the New Britain Superior Court. *See* Compl. at 2, 5 ¶ 6. On December 13, 2010, a jury found Mr. Underwood guilty of the offenses with which he had been charged. *See id.* at 5 ¶ 6 & Ex. B at 6;

---

[1] Mr. Underwood listed Defendants as John Day/Habeas Unit. *See* Compl. at 1. Mr. Underwood also refers to "the defendants" as John Day, Director of (Habeas Corpus Unit) Division of Public Defender Services. *Id.* at 2. Mr. Underwood further states that "the defendants [a]re legally responsible for the overall operation of the Connecticut innocence project post conviction unit." *Id.* Thus, it appears that Mr. Underwood considers both John Day and the Habeas Corpus Unit of the Division of Public Defender Services as Defendants in this action.

*State v. Underwood*, HHB-CR08-0241471-T (Conn. Super. Ct. Dec. 13, 2010).[2] On March 1, 2011, the court sentenced Mr. Underwood to seventeen years of imprisonment. *See* Compl., Ex. B at 6. Attorney J. Patten Brown of West Hartford, Connecticut represented Mr. Underwood at trial. *See id.* at ¶ 7. On May 21, 2013, the Connecticut Appellate Court affirmed Mr. Underwood's convictions and, on October 2013, the Connecticut Supreme Court denied the petition for certification to appeal from the decision of the Connecticut Appellate Court. *See State v. Underwood*, 142 Conn. App. 666, 684, *cert. denied*, 310 Conn. 927 (2013).

In March 2016, Mr. Underwood filed a state habeas petition in the Connecticut Superior Court for the Judicial District of New Britain challenging his conviction on multiple grounds, including ineffective assistance of trial counsel. *See* Compl. at 2 ¶ 5 & Ex. B at 6-10. At the end of April 2016, Mr. Underwood learned that the court had referred his habeas petition to the Connecticut Innocence Project Post Conviction Unit of the State of Connecticut Division of Public Defender Services for a determination of whether he was financially eligible for appointed counsel. *See id.* & Ex. A at 4. Upon determining that Mr. Underwood was eligible for appointed counsel, legal staff at the Connecticut Innocence Project Post Conviction Unit forwarded his petition to John Day, Director of Assigned Counsel. *See id.* ¶ 6 & Ex. A at 4. Director Day appointed J. Patten Brown to represent Mr. Underwood in the state habeas petition. *See id.* at 5 ¶ 8.

Because Attorney Brown had represented Mr. Underwood during his criminal case and Mr. Underwood was asserting a claim of ineffective assistance of trial counsel in his state habeas petition, Mr. Underwood found the appointment of Mr. Brown as his attorney in the state habeas

---

[2] Information on Mr. Underwood's criminal conviction and sentence may be found at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up, Criminal/Motor Vehicle, Convictions - by

petition to be illogical, erroneous and unconstitutional. *See id.* ¶¶ 8–9. In June 2017, almost a year after he learned of the appointment of J. Patton Brown as his habeas attorney, Mr. Underwood filed a motion to vacate the appointment, and, on July 10, 2017, the motion was granted. *See id.* at 13 ¶ 10. On July 13, 2017, Attorney Christopher Duby appeared for Mr. Underwood in his state habeas case. *See Underwood v. Commissioner of Correction*, TSR-CV16-4007953-S (Party & Appearance Information - July 13, 2017).

### B. Procedural History

On January 19, 2018, Mr. Underwood filed a Complaint in this Court against John Day and the Habeas Unit. Compl. at 1. On January 24, 2018, Magistrate Judge William I. Garfinkel granted Mr. Underwood's motion to proceed in forma pauperis. ECF No. 6.

On June 25, 2018, Mr. Underwood filed a motion for default entry. ECF No. 8.

On July 20, 2018, Mr. Underwood filed a motion to be permitted to add an affidavit to support his Complaint. ECF No. 9.

On August 8, 2018, the Court granted Mr. Underwood's motion to amend and permitted him to attach an affidavit to his Complaint. ECF No. 10.

## II. Standard of Review

Under 28 U.S.C. § 1915A(b), a court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must still include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

### III. Discussion

Mr. Underwood contends that Defendants should have been aware that assigning the same attorney to represent him in his state habeas petition as in his trial could create a conflict of interest. He states that he experienced worry and anguish as a result of the appointment of Attorney Brown. Mr. Underwood states that Defendants violated "various codes of ethics and/or discipline," as well as his right to due process under the Fourteenth Amendment.

To state a claim under section 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). An allegation that a defendant violated state law does not, alone, state a claim for a violation of a

4

plaintiff's due process rights under the Fourteenth Amendment that is cognizable under section 1983. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984) (an official's violation of a state statute or regulation does not, by itself, make the official liable under § 1983); *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir.1985) ("a violation of state law is not cognizable under § 1983"). Mr. Underwood's claims that Defendants violated the Connecticut code of ethics or discipline therefore do not state a claim under Section 1983, because Mr. Underwood has not identified a "violation of a right secured by the Constitution and laws of the United States," "committed by a person acting under color of state law." *See Vega*, 801 F.3d at 87–88. Those claims therefore are dismissed.

Although Mr. Underwood claims that Defendants violated his Fourteenth Amendment rights when they appointed J. Patton Brown to represent him in a state habeas petition, he has not alleged that Defendants purposefully or willfully appointed Mr. Brown in Mr. Underwood's state habeas petition to cause Mr. Underwood anguish or distress. Rather, Mr. Brown's appointment appears to have been an oversight by Defendants. Moreover, Mr. Brown sent Mr. Underwood a letter after being appointed that suggests that Mr. Brown also neglected to realize that he had represented Mr. Underwood during his criminal trial. *See* Compl. Ex. B at 11. Negligence is not cognizable in a section 1983 action. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Hill v. Gunn*, 367 F. Supp. 2d 532, 534 (S.D.N.Y. 2005) ("It is well settled in the Second Circuit that 'more than negligent conduct by the state actor is needed in order for a cognizable § 1983 claim to exist based on violations of the due process clause.'")(quoting *Gold v. Feinberg*, 101 F.3d 796, 800 (2d Cir. 1996)).

5

Furthermore, Mr. Underwood does not allege that he attempted to make Attorney Brown, the Habeas Corpus Unit of the Division of Public Defender Services, or Director Day aware of Attorney Brown's prior representation of him or that Attorney Brown's representation as habeas counsel might create a potential conflict of interest. Instead, he waited almost a year to file a motion have Attorney Brown withdraw as his counsel. The Court granted the motion and appointed another attorney to represent Mr. Underwood. The habeas petition remains pending in state court. The Court concludes that Mr. Underwood has not alleged that Defendants violated his right to life, liberty or property under the Fourteenth Amendment. The Fourteenth Amendment claim therefore is dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

## IV.     CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this case under 28 U.S.C. § 1915A(b)(1). The Court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3). If Mr. Underwood chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

The Clerk of the Court is directed to enter judgment for Defendants and close this case.

SO ORDERED at Bridgeport, Connecticut this 8th day of August, 2018.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge